**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SHARON KELSCH, as an individual and trustee of THE SHARON KELSCH FAMILY TRUST, U/T/A dated March 29, 2010; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 8:19-cv-02176-JLS-ADS <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT (DOC. 18)** |

Before the Court is Plaintiff James Rutherford's Application for Default Judgment (the "Application"). (Doc. 18.) Having reviewed all relevant papers and taken the matter under submission, the Court GRANTS Plaintiff's Application.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California resident who relies on a wheelchair and other devices for his mobility, and is limited in performing life activities including "walking, standing, ambulating, sitting, and grasping objects." (Complaint ¶ 1, Doc. 1; Rutherford Decl. ¶¶ 1-2, Doc. 18-4.) On or about September 3, 2019, Rutherford visited the KC Liquor Deli, a business located at 298 South Tustin Ave, Orange, California 92866 ("Subject Property") with "the dual purpose of purchasing store items and to confirm [the business's accessibility] to persons with disabilities within the meaning [of] federal and state law." (Compl. ¶¶ 2, 8; Rutherford Decl. ¶ 5.) Public Records reflect that the Subject Property is owned by the Sharon Kelsch Family Trust, of which Saron Kelsch is the trustee. (*See* Subject Property Records, Doc. 18-6.) Rutherford states that he does not know the exact nature of the named Defendants Sharon Kelsch and Sharon Kelsch Family Trust's business relationship with the KC Liquor Deli but alleges that they, as owners of the Subject Property, are responsible for the events alleged in this matter. (Compl. ¶ 4.)

On the date of Rutherford's visit to the Subject Property, he encountered various barriers to the business's accessibility. (Compl. ¶ 16.) Specifically, (1) the parking lot serving the business had no Americans with Disability Act Accessibility Guidelines ("ADAAG") parking spaces or van-accessible parking. (Compl. ¶ 11, Rutherford Decl. ¶¶ 7-8.) Similarly, (2) the ADAAG-required signage associated with those parking spaces was deficient. (*Id*.) Further, (3) the purportedly accessible parking spaces were not located on the shortest accessible route to the establishment's entrance, in contravention of ADAAG Section 208.3.1 and (4) "[t]here was no accessible route connecting the parking access aisles to an accessible entrance" as required by Sections 206.4 and 208.3.1. (*Id*.)

1

Rutherford additionally alleges that he would return to patronize the Subject Property and the business located thereon—"for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law"—but is deterred by the alleged barriers.[1]  (Compl. ¶ 19; Rutherford Decl. ¶ 11.)  Finally, Rutherford alleges that the identified barriers could easily be removed "without much difficulty or expense."  (*Id.* ¶ 23.)

### B. Procedural History

Rutherford filed suit in this Court on November 11, 2019, asserting claims for violations of: (1) the ADA, 42 U.S.C. § 12101 et seq.; and (2) the Unruh Act, Cal. Civ. Code § 51 et seq.  (*Id.* ¶¶ 26–35.)  On November 26, 2019, the Court declined to exercise supplemental jurisdiction over Rutherford's Unruh Act claim.  (Order Declining Supp. Jurisdiction, Doc. 12.)

In compliance with California Code of Civil Procedure Section 415.20, Defendant Sharon Kelsch was served, in both her capacity as an individual Defendant and as trustee of the Sharon Kelsch Family Trust, with summons and copies of the Complaint on December 10, 2019 (Proof of Service, Doc. 13), but has failed to file an answer, enter an appearance, or otherwise respond to the Complaint.  Following Rutherford's February 3, 2020 request for an entry of default, the Clerk entered default against both Defendants Sharon Kelsch and the Sharon Kelsch Family Trust on February 12, 2020.  (Doc. 16.)  Accordingly, the factual allegations of the Complaint, save for those concerning damages, are deemed to have been admitted.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6).  Rutherford filed the instant

---

[1] Plaintiff therefore has standing to bring this suit.  *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011) ("Demonstrating an intent to return to a noncompliant accommodation is [] one way for an injured plaintiff to establish Article III standing to pursue injunctive relief.  A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.").

2

Application for Default Judgment on March 24, 2020, seeking injunctive relief under the ADA and $4,644.00 in attorneys' fees and costs.

## II. LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default judgment must be preceded by an entry of default. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. *See Geddes*, 559 F.2d at 560; *see also* Fed. R. Civ. P. 8(b)(6). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762 PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

3

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)).  This is because the allegations of the amount of damages suffered are not taken as true.  *See Geddes*, 559 F.2d at 560.

## III.   DISCUSSION

### A. Local Rule 55-1

Rutherford's Application complies with Local Rule 55-1.  Rutherford accompanied this Application with a sworn declaration stating (1) the pleading on which default was entered and when it was entered, (2) that Defendants are not infants or incompetent persons, (3) that the Servicemembers Civil Relief Act does not apply, and (4) that notice of this Application has been served on Defendants. (Manning Decl. ¶¶ 2, 4-5, Doc. 18-3.)

### B. *Eitel* Factors

#### 1. Possibility of Prejudice to Plaintiff

"The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Landstar Ranger*, 725 F. Supp. 2d at 920. Prejudice can be shown if denying default judgment would leave a plaintiff without a remedy.  *See id*.  Absent entry of judgment, Rutherford will not be able to obtain the relief to which he is entitled.  Therefore, this factor weighs in favor of default judgment.

#### 2. The Merits of the Plaintiff's Claim and Sufficiency of the Claim

The next two *Eitel* factors go to Plaintiff's likelihood of success on the merits.  Under these two factors, plaintiffs seeking default judgments must "state a claim on which the[y] [] may recover."  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citation omitted).  "In considering the

sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Bd. of Trustees of Sheet Metal Workers v. Moak*, No. C 11-4620 CW, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cathcart*, 2010 WL 1048829, at *4 (citation omitted).

To prevail on an ADA claim, a plaintiff must show that "(1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

Accepting Rutherford's allegations as true, and in light of the evidence presented, Rutherford has adequately stated his ADA claim, satisfying each of the above-enumerated elements. *See Rutherford v. Lucatero*, No. 8:19-cv-01609-JLS-JDE, 2020 WL 2132995, at *3-*6 (C.D. Cal. Feb. 24, 2020) (addressing in depth, under the second and third *Eitel* factors, very similar parking lot-related barriers to accessibility encountered by Plaintiff at another Orange County establishment). The second and third factors thus support the entry of default judgment.

### 3. The Sum of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at

5

stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, 992 F. Supp. 2d at 1012 (citation omitted).

Rutherford seeks a total of $4,644.00 in attorneys' fees and costs. This amount, plus any amount that would be spent to comply with an injunction under the ADA, would be the entirety of Defendants' liability. The Court is reducing the award of attorneys' fees and has found that removing the architectural barriers at issue would not amount to an onerous financial undertaking. In sum, therefore, the amount of money at issue is relatively small. *Cf. Moore v. Cisneros*, No. 1:12-CV-00188-LJO, 2012 WL 6523017, at *4 (E.D. Cal. Dec. 13, 2012) (noting that an award of $10,119.70 on default judgment, including attorney's fees and costs, was "not a relatively large sum of money, nor does it appear unreasonable in light of the allegations in the complaint"). For these reasons, the fourth *Eitel* factor favors entry of default judgment against Defendants.

### 4. Possibility of Dispute Concerning Material Facts

"The fifth Eitel factor examines the likelihood of disputes between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citation omitted); *see also Landstar Ranger*, 725 F. Supp. 2d at 922 ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.").
As discussed, Rutherford has adequately alleged disability discrimination in violation of the ADA. Defendants have failed to appear and have therefore admitted all material facts alleged in the Complaint. *See Geddes*, 559 F.2d at 560. Additionally, Rutherford has supplied documentary and testimonial evidence to support his allegations. (*See, e.g.*, Rutherford Decl.; Premises Photographs, Doc.

6

18-5.) Therefore, the possibility of factual disputes that would preclude default judgment is remote. This factor, too, then, favors the entry of default judgment.

### 5. Possibility of Excusable Neglect

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. This factor favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *See id.* (concluding this factor favored default judgment where defendant was properly served and contacted plaintiffs' counsel to discuss the matter). Here, Defendants have been served with the summons and Complaint, as well as the instant Application. (Proof of Service, Application Proof of Service, Doc. 18-9.) Yet, Defendants have failed to answer or otherwise defend this action, rendering unlikely the possibility of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect where defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [] motion"). Accordingly, this factor weighs in favor of entering default judgment.

### 6. Policy Favoring Decision on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craiglist*, 694 F. Supp. 2d at 1061. Although "[c]ases should be decided upon their merits whenever reasonably possible[,]" *Eitel*, 782 F.2d. at 1472, "[u]nder Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action[,]" *PepsiCo*, 238 F. Supp. 2d at 1177. Notwithstanding the strong policy in favor of decisions on the merits, where a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate. *Id*. In this case, Defendants have failed to appear or respond. This final *Eitel* factor therefore does not weigh against entering default judgment

7

### 7. Conclusion as to *Eitel* Factors

In sum, the *Eitel* factors weigh in favor of entry of default judgment on Rutherford's ADA claim. Accordingly, the Court GRANTS Rutherford's Application.

## IV. REMEDIES

### A. Injunctive Relief

Rutherford seeks an injunction under the ADA requiring Defendants to comply with the ADAAG's requirements for accessible parking spaces. (Prayer for Relief, Complaint at 9.) Injunctive relief is proper when architectural barriers at a defendant's establishment violate the ADA and the removal of the barriers is readily achievable. *See Moreno v. La Curacao*, 463 F. App'x 669, 670 (9th Cir. 2011); *Vogel*, 992 F. Supp. 2d at 1015; *see also D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1034 n.2 (9th Cir. 2008) ("Title III provides for injunctive relief as the exclusive remedy for private individuals seeking to enforce the law.") (citing 42 U.S.C. § 12188(a)(2)). Rutherford has alleged that Defendants own the Subject Property. (*See Compl.* ¶¶ 2–4; Subject Property Records), and Defendants have not appeared to contest ownership. Rutherford has also alleged that Defendants could remove the barriers "without much difficulty or expense." (Compl. ¶ 27.) Injunctive relief against Defendants is therefore appropriate and the Court GRANTS Rutherford's request for injunctive relief.

### B. Attorneys' Fees and Costs

Rutherford seeks an award of attorneys' fees in the amount of $4,106.00 and costs in the amount of $538.00. (Manning Decl. ¶ 8.)

#### 1. Attorneys' Fees

Attorneys' fees are available under the ADA. The ADA permits a court "in its discretion" to award attorneys' fees and costs to the "prevailing party." 42 U.S.C. § 12205. "Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate." *Johnson v. Luu-Truong*, No. 2:14-CV-1078-MCE-KJN, 2014 WL

8

4678344, at *8 (E.D. Cal. Sept. 19, 2014) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.2 (9th Cir. 2001)). "The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal citation omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Here, Rutherford's counsel, Mr. Manning spent 3.25 billable hours prosecuting this case at an hourly rate of $450, and his associate expended 7.05 billable hours at an hourly rate of $375, for a claimed total lodestar of $4,106.25 ((3.25 x 450) + (7.05 x 375)) . (*See* Manning Decl. ¶ 8; Billing Records, Manning Decl. Ex. 5, Doc. 18-7.) Manning submitted a declaration asserting the reasonableness of the claimed hourly rates based on his experience and considering prevailing rates, as well as itemized billing records detailing the tasks completed in this litigation. (Manning Decl. ¶¶ 6-7; Billing Records.)

First, the hours of work claimed by Mr. Manning in his declaration do not match the hours in the submitted Billing Records. (*See* Manning Decl. ¶ 8 (stating that Mr. Manning spent 3.75 hours on this matter and his associate, 5.8 hours, despite the submitted Billing Records showing 3.25 hours and 7.05 hours respectively).) The Court expressly pointed out this same tabulation error in another recent ADA default judgment case involving the same attorney and plaintiff. *See Rutherford v. Lucatero*, 2020 WL 2132995, at *8 n.5.[2] As the court has no way of knowing which document is erroneous, the Court adopts the lesser of each discrepancy, and assumes Mr. Manning seeks compensation for 3.25 hours for himself and 5.8 hours for his associate.

Second, the Court finds that Mr. Manning has failed to justify the hours and billing rates claimed. *See id*. at *8-*9 (collecting cases) (explaining that (1) the

---

[2] The submission of identical filings in any future cases before this Court, containing the same errors in representations made to the Court regarding billing, may subject Mr. Manning to sanctions.

nature of Mr. Manning's work in such an ordinary and un-nuanced ADA matter, litigated to default judgment, does not justify an hourly rate of $450 and (2) *no* information was provided to justify his unnamed associate's hourly rate of $375). In that case, the Court reduced Mr. Manning's hourly rate to $400 and his associate's hourly rate to $300.  However, it has become clear that Mr. Manning's representation of serial ADA plaintiffs allows him to file boilerplate, form documents adjusted in minor ways to fit the facts of each case.  *See Rutherford v. JJ's Mkt. & Liquor,* No. 5:18-cv-02656-ODW-SHKX, 2020 WL 883220, at *6 (C.D. Cal. Feb. 24, 2020) ("Rutherford's cases include nearly identical complaints and subsequent filings, with billing records that reflect the use of templates."); *see also Tate v. Deoca*, No. CV 14-08738 SJO (MRW), 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018) (explaining that the court was hesitant to award an ADA plaintiff's counsel a windfall in fees "for their carbon-copy complaints [in] 'entirely boilerplate'" litigation).  Indeed, it appears that almost no original legal work is performed, and the bulk of the work is done at the level of a paralegal. Accordingly, the Court, based on its experience and judgment, reduces Mr. Manning's rate to $400 per hour and reduces his hours by fifty percent.  In addition, the Court reduces the hourly rate of Mr. Manning's unnamed associate to $175, which more closely aligns with the rate of a paralegal.  *Cf. JJ's Mkt. & Liquor*, 2020 WL 883220, at *6 (reducing Mr. Manning's lodestar by 50% and collecting other cases which did the same); *Perri v. D & R Rest., Inc.*, No. CV 19-8032 PA (MAAX), 2020 WL 2036656, at *4 (C.D. Cal. Jan. 28, 2020) (analyzing identical billing records submitted by Mr. Manning and awarding $1,247.50 in attorneys' fees).

      Finally, the Court will not award attorney's fees for the one hour of time Mr. Manning's associate billed for drafting and filing a "response to the court's OSC re supplemental jurisdiction."  (See *id.*; OSC Response, Doc. 11.)  Unsurprisingly, the OSC Response that Mr. Manning's firm filed is a form document that the firm has filed with this Court, and numerous others, on many occasions.

Based on the adjusted hourly rates and compensable hours, the Court calculates the lodestar as $1,490 ((1.625 x $400) + (4.8 x $175)), and awards attorneys' fees in that amount.

### 2. Costs

The Court also concludes that an award of litigation costs is appropriate. In accordance with Local Rules 54-2 and 54-3, Rutherford must submit a "Bill of Costs" and an "Application to the Clerk to Tax Costs" to recover any eligible litigation costs in this action. *See* C.D. Cal. L.R. 54-2, 54-2.1.

## V. CONCLUSION

For the foregoing reasons, Rutherford's Application for Default Judgment is GRANTED, and the Court awards injunctive relief; attorneys' fees in the amount of $1,490; and eligible litigation costs under Local Rule 54-3.

Rutherford is ORDERED to submit to the Court, within **five (5) days** from the date of this Order, a proposed judgment, including permanent injunction, in accord with this Order and pursuant to the Court's procedures.

DATED: July 08, 2020

JOSEPHINE L. STATON
_____
Honorable Josephine L. Staton
United States District Judge

11